IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| AAYAN NAIM BEY | ) | CASE NO. 3:10CV0161 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DAVID A. KATZ |
| v. | ) | |
| | ) | |
| TIM GROSTEFFON, *et al.* | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

Plaintiff *pro se* Aayan Naim Bey brings this action against Defendants Tim Grosteffon and 24/7 Bail Bonds alleging that on January 20 and 21, 2010, Grosteffon, a bail bondsman, threatened Plaintiff and his family. Also, a threatening poster bearing his likeness and personal information from 24/7 Bail Bonds had been placed in a mailbox at Plaintiff's exwife's home. He invokes 18 U.S.C. § 1725 entitled "Postage Unpaid on Deposited Mail Matter."[1]

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997). For the reasons stated below, this action is dismissed pursuant to §1915(e).

The federal statute raised by the Plaintiff in the caption of his complaint, 18 U.S.C. § 1725 is a criminal statute. A private citizen has no authority to bring a civil action in federal court. *Zukowski v. Bank of America*, 2009 WL 2132620 * 2 (S.D. Ohio, Jul. 7, 2009). Only a grand jury

---

[1] Plaintiff did not include a short and plain statement of the grounds for the court's jurisdiction as required by Fed. R. Civ. P. 8(a)(1).

can indict a criminal defendant. *Id*.

Furthermore, 28 U.S.C. 1332(a) provides:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between-
> (1) citizens of different states;...

Plaintiff and Defendants are citizens of the State of Ohio. Diversity of citizenship does not exist. Thus, this Court has no jurisdiction.

Accordingly, Plaintiff's Motion to Proceed In Forma Pauperis is granted. This action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ David A. Katz

Date: 3/17/2010

JUDGE DAVID A. KATZ
UNITED STATES DISTRICT JUDGE